UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TRAVIS PETERSEN, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:20-cv-00131 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Travis Petersen ("Petersen") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Petersen and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 21, 25. After reviewing the briefing, the record, and the applicable law, Petersen's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**

## BACKGROUND

Petersen filed an application for supplemental security income under Title II of the Act on July 7, 2015, alleging disability beginning on July 6, 2015. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Petersen was not disabled. Petersen filed an appeal with the Appeals Council. The Appeals Council granted review and remanded the case back to the ALJ for further review.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

The ALJ held another hearing and again found that Petersen was not disabled. Petersen filed another appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4)

whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do [his] past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Petersen had not engaged in substantial gainful activity "since July 6, 2015, the alleged onset date." Dkt. 17-3 at 14.

The ALJ found at Step 2 that Petersen suffered from "the following severe impairments: bipolar disorder, unspecified neurocognitive disorder, posttraumatic stress disorder (PTSD), and intermittent explosive disorder." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Petersen's RFC as follows:

> [T] the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine, one to three step tasks with no fast paced production work (like assembly line work) with only brief and superficial interaction with the public and occasional interaction with coworkers and supervisors.

*Id.* at 16.

At Step 4, the ALJ found that Petersen "is unable to perform" his past work as a "customer service representative," "cost estimator," and "plumber's apprentice." *Id.* at 22. And, at Step 5, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Petersen] can perform." *Id.* at 23.

## DISCUSSION

The issue on appeal is whether the ALJ had good cause to assign "little weight" to the opinion evidence of Daniel J. Fox, Ph.D., an agency consultative examiner. In pertinent part, Dr. Fox opined:

> Mr. Petersen has the ability to understand, carry out, and remember instructions for one-two step tasks, but not for complex tasks. He can sustain concentration and persist in work-related activity, but not at a reasonable pace. He is not interested in maintaining social interaction with his peers and the public. He is unable to manage normal pressures in a competitive work setting without experiencing frequent explosive outbursts. He appears to be cognitively able to work in some capacity, but in an environment that does not worsen his explosive disorder, possibly at home or independently, as long as his medication is managed properly and he is not too fatigued.

Dkt. 17-15 at 46. Dr. Fox further opined that Petersen has "marked" impairment of his ability to interact appropriately with the public and co-workers, related to PTSD. *See id.* at 49. According to the ALJ, Dr. Fox's opinion was entitled to little weight because his medical opinion (1) "was inconsistent with record as a whole"; (2) Dr. Fox had "only examined [Petersen] one time"; and (3) Dr. Fox had not "review[ed Petersen's] medical records." Dkt. 17-3 at 22. The ALJ further stated that Dr. Fox's opinion was inconsistent with the opinion of Daniel Hamill, Ph.D., the testifying psychological expert. I disagree.

First, although the ALJ dismissed Dr. Fox's opinion as inconsistent with the record, he did not direct me to any specific documents in the 2,000 page record. This leaves me unable to conduct any meaningful review. The ALJ's inconsistency finding is unsupported by substantial evidence. *See e.g., Jackson v. Colvin*, 240 F. Supp. 3d 593, 604 (E.D. Tex. 2017) (remanding in part because the ALJ failed to identify any specific medical record conflicting with the medical report of the treating physician). *See also United States v. del Carpio Frescas*, 932 F.3d 324,

4

331 (5th Cir. 2019) ("Judges are not like pigs, hunting for truffles buried in the record." (quotation omitted)).

The ALJ's second assertion—that Dr. Fox only examined Petersen once—is equally unavailing. A single examination is par for the course with consultative examiners. The Commissioner's own regulations make plain that "we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you." 20 C.F.R. § 404.1527(c)(1). Moreover, the regulations clearly state that "Federal . . . agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." *Id.* § 404.1513a(b)(1). In this regard, the ALJ's blanket assertion regarding the ordinary relationship between a claimant and a consultative examiner is not a sufficient reason to have discounted Dr. Fox's medical opinion.

The ALJ's revelation that Dr. Fox did not review the entire medical record is also problematic. In this circuit, when a consultative examiner's "report is inadequate or incomplete, [20 C.F.R. § 404.1519p(b)] requires that the ALJ contact the medical source who performed the consultative examination, give an explanation of the evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report." *Tally v. Astrue*, No. 4:10-CV-174-CWR-FKB, 2012 WL 1027644, at *5 (S.D. Miss. Feb. 24, 2012) (cleaned up). This was not done here. For this reason alone, "this case [must] be remanded for a consultative examination by a physician who has been provided [Petersen's] complete medical records and history." *Id.*

The ALJ also erred by using the medical opinion of Dr. Hamill, a non-examining physician, as justification for discounting Dr. Fox's medical opinion. The Fifth Circuit has repeatedly explained that "an ALJ may properly rely on a non-examining physician's assessment when . . . those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining

5

physician." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Here, the ALJ not only relied on the opinion of a non-examining physician but also used that opinion as a reason for assigning little weight to the medical opinion of an examining physician, Dr. Fox. This is error and runs afoul of the rule announced in *Villa*. *See Knight v. Saul*, No. 3:20-CV-00185, 2021 WL 2808521, at *4 (S.D. Tex. July 6, 2021). The only remaining question is whether this error warrants remand.

Remand is not appropriate for harmless errors. "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *McNeal v. Colvin*, No. 3:11-CV-02612-BH-L, 2013 WL 1285472, at *27 (N.D. Tex. Mar. 28, 2013). In this case, the ALJ will need to acquire a new medical opinion from Dr. Fox and reassess the way he weighed the various medical opinions. I cannot anticipate whether the ALJ will incorporate Dr. Fox's opinion into Petersen's RFC on remand. If the ALJ does incorporate Dr. Fox's opinion into Petersen's RFC, I cannot begin to guess how Petersen's RFC might change or how any change might affect the ALJ's ultimate disability determination. Remand is appropriate.

## CONCLUSION

For the reasons provided above, Petersen's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. An entry of final judgment will be separately entered.

SIGNED this 17th day of September 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE